IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOO SAN CHOI, et al., ) | |
| ) | 2:06cv1514 |
| Plaintiffs, ) | Electronic Filing |
| ) | |
| v. ) | Judge Cercone |
| ) | Magistrate Judge Caiazza |
| D'APPOLONIA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

AND NOW, this 12th day of August, 2008, after de novo review of the record and upon due consideration of [67] the magistrate judge's report and recommendation filed on January 9, 2008, and the parties' objections thereto, IT IS ORDERED that [64] Defendant Dura-Bond's Motion for Sanctions under Rule 11 be, and the same hereby is, granted in part and denied in part. The motion is granted to the extent it seeks a determination that plaintiff's counsel violated Rule 11 by proceeding against Dura-Bond without a factual basis for doing so. The motion is denied in all other aspects. The report and recommendation as augmented herein is adopted as the opinion of the court.

On January 9, 2008, the magistrate judge issued a Report recommending that Dura-Bond's Motion for Sanctions under Rule 11 be granted, but that monetary sanctions were inappropriate. Instead, it was recommended that "the public filing of [the Report] suffic[e]" as the appropriate sanction. See Report and Recommendation at 16-17. Both parties involved filed objections. See Doc. No.s 68, 69.

Plaintiffs' counsel's challenge to the propriety of finding a Rule 11 violation is unavailing. While it is logical to assume that if a conspiratorial scheme is afoot, then those associated and working with suspected members are also members of the illegal agreement. But to join a party in a lawsuit founded on such a theory there must be more than a logical inference based solely on the behavior of others; there must be some action or conduct by the party being joined that creates an inference of participation in the scheme. It is the lack of any firm factual

basis to create this inferential link that gives rise to the violation highlighted in the Report and Recommendation.

Defendant's objections also are unavailing. A wide range of alternative sanctions are to be considered in selecting the least severe measure necessary to vindicate Rule 11's primary purpose of deterrence. Zuk v. Eastern Pennsylvania Psychiatric Institute, 103 F.3d 294, 301 (citing 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1336 (2d ed. Supp. 1996)); see also Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988) ("district court's choice of deterrent is appropriate when it is the minimum that will serve to adequately deter the undesirable behavior."). Sanctions such as publication or judicial reprimand have long been recognized as available alternative measures. See Doering, 857 F,2d at 194 ("Other sanctions that could be appropriate in some circumstances, and that may take the place of a monetary award, include publication, an order barring an attorney from appearing for a period of time, reprimand, dismissal of baseless claims or defenses, or even ordering 'the attorney[ ] who violated the rule to circulate in [his or her] firm a copy of the opinion in which the pleadings were criticized.'") (quoting Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir.1987)).

Moreover, the court's administration of Rule 11 is to be guided by equitable considerations. Chief among these is the offending party's ability to pay. Zuk, 103 F.3d at 301. Others "include the public interest in encouraging particular suits, the conduct of the parties and economic considerations." Id. at 197. Mitigating factors also are to be taken into account such as "1) the attorney's history of filing frivolous actions or alternatively, his or her good reputation, 2) the defendant's need for compensation, 3) the degree of frivolousness, recognizing that cases do lie along a continuum, rather than neatly falling into either the frivolous or non-frivolous category, and that Congressional intent, in promulgating Rule 11 sanctions, was not to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories, 4) whether the frivolousness also indicated that a less sophisticated or expensive response by the other party was

required, and 5) the importance of not discouraging particular types of litigation which may provide the basis for legislative and executive ameliorative action when the courts lack power to act." Id. at 197 n. 6 (citations omitted).

Application of the above principles indicates that the sanction of a public declaration of a violation as reflected in the Report and Recommendation and this Memorandum Order is the least severe measure necessary to discourage similar conduct by counsel in the future and promote deterrence by others. First, the context in which the suit arose counsels against a more severe sanction. The violation arose in the setting of a civil rights case, an area where the Rule has been noted to have a particularly troublesome effect. See Johnson v. McAdoo, 150 F.R.D. 684, 687 (W.D. Okl. 1993) ("a frequent criticism of Rule 11 applications is that the Rule falls heaviest on civil rights cases"). Furthermore, the claim was advanced in a context that involves the public interest and counsels against measures that may stifle pursuit of claims seeking to vindicate the rights upon which the complaint was predicated. As noted by plaintiffs, the theory utilized in this case was that a conspiracy borne of minority-based discrimination was employed by majority-owned contractors to reduce and/or eliminate the minority-owned business's share of control over a government minority-set-aside contract. Congress has sought to eradicate or at least reduce the effects of discriminatory barriers for such businesses and the public has a strong interest in assuring that the government measures undertaken toward such ends are not inappropriately thwarted or reduced to sham operations. An award of substantial attorneys fees as advocated by Dura-Bond would present a serious risk of discouraging parties and counsel to assure vigilant enforcement and protection of such government programs and the rights created thereby.

Second, the degree of frivolousness is not particularly great. While the approach by plaintiffs' counsel was somewhat novel, it was certainly not devoid of all factual and legal support. And the court only has found that naming one entity on the periphery exceeded the line. In other words, plaintiffs' counsel cast the net too wide by one out of approximately ten

3

individuals/entities.

Third, the economic considerations do not counsel in favor of a monetary sanction. Plaintiffs Soo San Choi and Choi Enterprises, Inc., qualified for a minority-set-aside contract under Section 8 and do not appear to have abundant resources. Minority Business Enterprise Legal Defense and Education Fund is a non-profit, public interest organization that ostensibly utilizes its resources to advance the rights of minority businesses. In contrast, there is no showing that Dura-Bond suffers from economic disadvantages or had difficulties in obtaining competent counsel to represent it. Furthermore, defending against plaintiffs' claims was necessarily strengthened and presumably made easier by Dura-Bond's lack of actual involvement in the project.

Fourth, Attorney Kohlman's litigation history does not have the persuasive force advocated by Dura-Bond. While he has been associated with litigation that was dismissed and/or utilized highly questionable theories, the referenced cases fall short of establishing a history of violating Rule 11. And there is no showing whatsoever that Attorney Jordan has engaged in conduct that verges on what is prohibited by the Rule.

Finally, contrary to Dura-Bond's lack of comfort in the chosen remedy, the public acknowledgment of a Rule 11 violation does level a significant sanction. It provides an express determination of a violation which carries with it substantial professional embarrassment. It also provides an undeniable prior violation should counsel ever have to defend against a Rule 11 challenge in the future. Such a measure clearly cannot be viewed as meaningless or inconsequential. Furthermore, it has been recognized as adequate where the circumstances suggest it is likely to deter repetition of the offensive conduct. See Pickern v. Pier 1 Imports, 339 F. Supp.2d 1081, 1091 (E.D. Cal. 2004) (finding public acknowledgment sufficient Rule 11 sanction where circumstances suggested it was likely to deter future offensive conduct by counsel). The court is confident that the sanction of public acknowledgment here similarly is likely to deter repetition of the offensive conduct by plaintiffs and their counsel. Thus, under all

4

the circumstances, it is the least sever measure necessary to advance Rule 11's primary purpose of deterring sanctionable conduct.[1]

                        s/ David Stewart Cercone
                        David Stewart Cercone
                        United States District Judge

Sandra D. Jordan, Esquire
Barco Law Building
3900 Forbes Avenue
Pittsburgh, PA 15260

Raymond D Kohlman, Esquire
79 Central Street
Seekonk, MA 02771-4131

Christopher A. Cafardi, Esquire
Pepper Hamilton
500 Grant Street
50th Floor, One Mellon Bank Center
Pittsburgh, PA 15219

David J. Porter, Esquire
Buchanan Ingersoll
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219

---

[1] Dura-Bond's request for attorneys fees under 42 U.S.C. § 1988 likewise is misplaced for two reasons. First, Dura-Bond's request is not set forth in a motion and comes way too late in any event. Having failed to raise § 1988 as a basis for the fees it seeks in [64] its Motion for Sanctions, [66] its Reply in support thereof, [68] its Objections to the R&R, or even [70] its Response to the Plaintiffs' Objections, Dura-Bond has long waived any claims under Section 1988(b). See generally U.S. v. Martin, 454 F. Supp.2d 278, 281 n.3 (E.D. Pa. Oct. 5, 2006) ("[i]t is improper for a party to present a new argument in [a] reply brief") (citations and internal quotations omitted). Second, even assuming the right to seek fees pursuant to § 1988 has not been waived, the above Rule 11 analysis has equal force to the exercise of the court's discretion under Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978) and its progeny, and warrants the denial of Dura-Bond's request. See generally EEOC v. L. B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997) (noting that attorney's fees are not routine but are to be sparingly awarded under Christiansburg and that cases of frivolity are to be assessed on a case-by-case basis); Hughes v. Rowe, 449 U.S. 101, 178-79 (1980) (consideration of all attending circumstances is appropriate in assessing the propriety of fee award under Christiansburg).

Joseph E. Linehan, Esquire
Lauren Baldel, Esquire
Meyer, Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA 15222

David B. White, Esquire
Jennifer L. McPeak, Esquire
Burns, White & Hickton, LLC
106 Isabella Street
Four Northshore Center
Pittsburgh, PA 15212-3001